# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA FLYERS, INC., | : | |
| 3601 South Broad Street | : | CIVIL ACTION |
| Philadelphia, PA 19148 | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| TRUSTMARK INSURANCE COMPANY, | : | |
| 400 Field Drive | : | |
| Lake Forest, IL 60045 | : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of Defendant Trustmark Insurance Company's Motion to Compel Arbitration and to Stay Proceedings, it is hereby ORDERED and DECREED that said Motion is GRANTED and this matter is compelled to arbitration, and these judicial proceedings are stayed pending the outcome of the arbitration.

                                          _____
                                                                            J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA FLYERS, INC., | : | |
| 3601 South Broad Street | : | CIVIL ACTION |
| Philadelphia, PA 19148 | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| TRUSTMARK INSURANCE COMPANY, | : | |
| 400 Field Drive | : | |
| Lake Forest, IL 60045 | : | |

**DEFENDANT TRUSTMARK INSURANCE COMPANY'S
MOTION TO COMPEL ARBITRATION AND TO STAY LEGAL
PROCEEDINGS**

Defendant, Trustmark Insurance Company, ("Trustmark"), by and through its undersigned counsel, Drinker Biddle & Reath, LLP, hereby moves for an order compelling Plaintiff to arbitrate its claims alleged in the Complaint filed on April 27, 2004 against Trustmark, for the reasons set forth in Trustmark's memorandum of law, a copy of which is attached hereto and incorporated herein by reference.

           DRINKER BIDDLE & REATH LLP


           By: _____
             Stephen C. Baker
             Attorney I.D. No. 32326
             DRINKER BIDDLE & REATH LLP
             One Logan Square
             18th and Cherry Streets
             Philadelphia, PA  19103-6446

             Attorneys for Defendant
             Trustmark Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA FLYERS, INC., | : | |
| 3601 South Broad Street | : | CIVIL ACTION |
| Philadelphia, PA 19148 | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| TRUSTMARK INSURANCE COMPANY, | : | |
| 400 Field Drive | : | |
| Lake Forest, IL 60045 | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRUSTMARK
INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION
AND TO STAY PROCEEDINGS**

Defendant, Trustmark Insurance Company ("Trustmark"), by and through its undersigned counsel, Drinker Biddle & Reath LLP, moves this Court to enforce the written arbitration agreement entered into between Plaintiff and Trustmark. For the reasons stated more fully below, Trustmark requests an order compelling Plaintiff, Philadelphia Flyers, Inc., to arbitrate all of its claims alleged against Trustmark in the complaint filed by Plaintiff on April 27, 2004.

**I.     INTRODUCTION**

This dispute is between a disability insurer and a National Hockey League club. The club looked past the arbitration clause in the disability policy and commenced this lawsuit for breach of the contract. The club must proceed with its claims pursuant to the unambiguous provisions of an arbitration undertaking set forth in the disability policy and, therefore, this action should be stayed.

## II.     STATEMENT OF FACTS

The Philadelphia Flyers, Inc. ("Flyers") are, of course, a professional hockey team. According to the Flyers' Complaint, The NHL Trust entered into a contract with Defendant Trustmark for the period of October 2001 through April 2002 for Temporary Total Disability ("TTD") coverage for certain NHL players. The policy provides for the reimbursement to the club of an injured player's salary, subject to certain limitations, during a period of disability that results in a player's inability to play hockey.

The Policy issued to Plaintiff contains an arbitration undertaking which states:

> **Arbitration:** Any dispute arising from this contract between the Policyholder, the NHL, or any club on one hand, and BWD or Us [Trustmark] on the other hand shall be submitted to binding arbitration. The Commercial Arbitration Rules of the American Arbitration Rules of the American Arbitration Association shall apply, except with respect to selection of the arbitration panel and location.
>
> Each party to the arbitration shall select one arbitrator. A third independent arbitrator shall be selected by the first two arbitrators. Arbitration shall be held in a location agreed to by the parties. If no location can be agreed upon, arbitration shall be held at the then current main corporate office of the American Arbitration Association. If the American Arbitration Association is not in existence or its offices unavailable, arbitration shall be held in Our home offices.
>
> The costs of arbitration shall be borne equally by all of the parties thereto.

Policy at p. 10 (hereinafter the "Arbitration Undertaking").

In the fall of 2001, the Complaint alleges, Rick Tocchet, one of the Flyers' players, was injured. The Flyers submitted a claim to Trustmark for reimbursement of Tocchet's salary for the 27 games from December 16, 2001 until February 12, 2002 in which he did not play.

Trustmark reimbursed the Flyers for 15 games missed by Tocchet occurring between December 16, 2001 and January 16, 2002. Trustmark did not reimburse the Flyers for the remaining 12 games missed by Tocchet from January 17, 2002 until February 12, 2002.

On April 27, 2004, the Flyers filed a complaint against Trustmark in the Court of Common Pleas of Philadelphia County. A copy is attached as Exhibit "A". The complaint alleges that Trustmark's failure to pay the Flyers for the 12 games between January 17, 2002 and February 12, 2002 violated the policy. On May 27, 2004, Trustmark removed the action to this Court.

### III.   ARGUMENT

#### A.   Federal Law Mandates Enforcement of the Arbitration Undertaking

Pursuant to the Federal Arbitration Act (the "FAA" or the "Act"), this Court must enforce the Arbitration Undertaking contained in the Policy. Section 2 of the FAA provides that:

> A written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, ***shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract***.

9 U.S.C. § 2 (2000) (emphasis added).

The FAA was enacted originally to ensure judicial enforcement of privately made arbitration agreements and to overrule the judiciary's longstanding refusal to enforce arbitration agreements. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219-20 (1985). In enacting Section 2 of the FAA, Congress expressed its clear intent to move the parties

-3-

to an arbitrable dispute out of court and into arbitration as quickly and as easily as possible. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Additionally, the Act leaves no room for discretion, but instead mandates that courts shall direct the parties to proceed to an arbitration on issues as to which an arbitration has been signed. Byrd, 470 U.S. at 218 (citing 9 U.S.C. §§ 3-4). Thus, the Supreme Court has previously concluded that courts must compel arbitration of arbitrable claims once a motion to compel arbitration has been made. See Byrd, 470 U.S. at 219.

In this case, that means that if the Flyers' claim falls within the Arbitration Undertaking, it must be arbitrated.

### B. The Claims Asserted in the Complaint are Within the Scope of the Arbitration Undertaking

When interpreting an arbitration clause, just as with any contract, the plain language of the document controls. When read in conjunction with the FAA, which provides that as a matter of federal law any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, See Mercury Constr. Corp., 460 U.S. at 24-25, the enforceability of the Arbitration Undertaking becomes apparent.

The Arbitration Undertaking states that, "Any dispute arising from this contract between the Policyholder, the NHL, or any club on one hand, and…Us [i.e., Trustmark] on the other hand shall be submitted to binding arbitration." Plaintiff's claims are based entirely upon the terms of the policy. Plaintiff's claims thus fall within the plain and ordinary meaning of "any dispute" as set forth in the Arbitration Undertaking of the contract. Therefore, the claims brought by Plaintiff cannot proceed here, but rather must be advanced in accordance with the Arbitration Undertaking.

## IV.   CONCLUSION

Based upon the foregoing, Trustmark requests that this Court enter an order staying this lawsuit, requiring Plaintiff to proceed pursuant to the terms of the Arbitration Undertaking, and granting such other relief as the Court deems proper.

DRINKER BIDDLE & REATH LLP


Dated: June 4, 2004                By: _____
                                       Stephen C. Baker
                                       Attorney I.D. No. 32326
                                       DRINKER BIDDLE & REATH LLP
                                       One Logan Square
                                       18th and Cherry Streets
                                       Philadelphia, PA  19103-6446

                                       Attorneys for Defendant
                                       Trustmark Insurance Company

## **CERTIFICATE OF SERVICE**

I, Stephen C. Baker, hereby certify that on this date I caused a true and correct copy of the foregoing Motion to Compel Arbitration and to Stay Proceedings to be served upon counsel for Plaintiff by first class mail, at the following address:

>Peter M. Deeb, Esquire
>Frey, Petrakis, Deeb, Blum, Briggs & Mitts, P.C.
>1601 Market Street, 26th Floor
>Philadelphia, PA  19103

Dated: June 4, 2004                              _____
                                                                    Stephen C. Baker